IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PETER A. PEDROLI, derivatively on Behalf of MICROTUNE, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:07-CV-43 |
| DOUGLAS J. BARTEK, *et al.*, | § § | |
| Defendants, | § § | |
| - and - | § § | |
| MICROTUNE, INC., a Delaware corporation | § § § | |
| Nominal Defendant. | § | |

**ORDER GRANTING CERTAIN DEFENDANTS' EXPEDITED MOTION
TO SUSPEND REQUIREMENT FOR RULE 26(f) CONFERENCE**

Before the court is "Certain Defendants' Expedited Motion to Suspend Requirement for Rule 26(f) Conference" (de #64), "Plaintiff's Opposition to Certain Defendants' Expedited Motion to Suspend Requirement for Rule 26(f) Conference" (de #70), and "Certain Defendants' Reply in Support of Expedited Motion to Suspend Requirement for Rule 26(f) Conference" (de #71).[1] Having considered the motion, response and reply, the court is of the opinion that the motion should be granted.

Plaintiff Peter A. Pedroli, derivatively on behalf of Microtune, Inc., ("Plaintiff") brought suit against the Defendants in this court on January 31, 2007, alleging that certain defendants violated

---

[1] Defendant Martin Englemeier has not joined in the other Defendants' motion and reply. Thus when the court refers to the "Defendants," it is referring to all Defendants except Englemeier.

Section 14(a) and Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5.  There are also various other federal and state law claims.  Several motions to dismiss have been filed in the instant case, and it is based upon these motions to dismiss that this motion was filed.  The Private Securities Litigation Reform Act ("PSLRA") provides for an automatic stay of discovery and other proceedings in all federal securities fraud actions while motions to dismiss are pending.  15 U.S.C. § 78u-4(b)(3)(B).  The statute does include an exception, stating that the discovery and other proceedings shall be stayed *unless* the court finds upon motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party. *Id.* (emphasis added).  The statute goes on to offer some preservation guidelines, stating that any party with actual knowledge of the complaint "shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure." *Id.* at § 78u-4(b)(3)(C)(i).  In their reply, Defendants appear to acknowledge this preservation obligation and intimate that they have already preserved all relevant and necessary information.  Reply, p. 6.

Plaintiff is not opposed to a stay of discovery but is opposed to a stay of the Rule 26(f) conference.  In an effort to effectuate an agreement without the court's assistance, the Plaintiff has offered to have the Rule 26(f) conference and create a scheduling order based upon the court's ruling on the pending motions to dismiss (*i.e.*, pretrial disclosures must be submitted within 45 days of the court's ruling on the motions to dismiss and fact discovery completed within six months thereafter), so that discovery could commence immediately upon a ruling on the motions to dismiss.  The Defendants did not accept this offer, contending that the automatic stay of discovery makes it

impossible to propose any meaningful scheduling order dates and deadlines.

The parties agree that a stay of discovery is warranted under the PSLRA. The only real issue, then, is whether the Rule 26(f) scheduling conference and accompanying local rules constitute "other proceedings" for purposes of the stay provision. Plaintiff has cited to a case which specifically finds that Rule 26(f) conferences do not fall under PSLRA's discovery stay. *See Levy v. United Healthcare Corp.*, 1996 WL 1031813, *2 (Sept. 10, 1996 D. Minn.). As the Defendants point out, however, the court in *Levy* relied in part on a case that was reversed. The Defendants cite to *Medhekar v. Hockey*, 99 F.3d 325 (9th Cir. 1996), which found Rule 26(a) initial disclosures fell under the automatic discovery stay, due in large part to the fact that Rule 26 was titled "General Provisions Governing Discovery; Duty of Disclosure."[2] *Medhekar*, 99 F.3d at 328. As such, the court found the Rule 26(a) initial disclosures at least fell under "other proceedings" if not "discovery" itself. *Id.* at 328-29.

The court is of the opinion that whether or not the automatic stay includes the Rule 26(f) conference, any scheduling order at this time would be a document without any concrete dates or deadlines. Accordingly, the court hereby **GRANTS** "Certain Defendants' Expedited Motion to Suspend Requirement for Rule 26(f) Conference" (de #64).

**SIGNED this the 17th day of May, 2007.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[2] Those cases that disagree with *Medhekar*'s analysis and conclusion have found that the subparts within Rule 26 carefully separate "disclosures" and "discovery," thus indicating disclosures are not part of discovery. *In re Comdisco Securities Litigation*, 166 F.Supp. 2d 1260, 1261-62 (N.D. Ill. 2001). Upon a cursory review of Rule 26, however, it is not as black and white as those cases insinuate. Some Rule 26 subparts address both discovery and disclosures. *See, e.g.,* Fed. R. Civ. P. 26(c). The court is further persuaded by Rule 26(f)'s title: "Conference of Parties; Planning for <u>Discovery</u>." Fed. R. Civ. P. 26(f) (emphasis added).