IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PETER A. PEDROLI, derivatively on Behalf of MICROTUNE, INC. | § § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | |
| DOUGLAS J. BARTEK, *et al.*, | | Case No. 4:07-CV-43 |
| Defendants, | | |
| - and - | | |
| MICROTUNE, INC., a Delaware corporation | | |
| Nominal Defendant. | | |

## ORDER DENYING MOVANTS' MOTION FOR RECONSIDERATION AND MOTION TO INTERVENE AS PLAINTIFFS UNDER FED. R. CIV. P. 24(a)(2)

Pending before the court is the Movants' "Motion for Reconsideration and Motion to Intervene as Plaintiffs under FED. R. CIV. P. 24(a)(2)" (docket entry #120). Having considered the Movants' motion, the Defendants' response in opposition thereto (docket entry # 121) and Movant Mark Jordan's reply (docket entry #122), the court finds that the motions should be denied.[1]

---

[1] The Movants herein are Brian Peter Zater, Jonathan Lee Riches and Mark Jordan. The pleading, however, was filed by Jonathan Lee Riches ("Riches"). Riches is a federal prisoner currently housed at FCI Williamsburg in Salters, South Carolina. According to the pleading, Brian Peter Zater resides in Coleman, Florida and Mark Jordan resides in Florence, Colorado. While the pleading is allegedly signed by all three Movants, given the fact that Riches is incarcerated, the court seriously doubts that either Mr. Zater or Mr. Jordan executed the pleading filed with the court. The court's misgivings concerning the authenticity of the signatures affixed to the pleading are supported by Mr. Jordan's responsive briefing. In his reply to the motion, Mr. Jordan indicates that he is a federal prisoner currently housed at the United States Penitentiary – Maximum in Florence, Colorado. Mr. Jordan states that he did not authorize the filing of the pleading nor does he have any interest in this lawsuit. Additionally, the court notes that the Federal Bureau of Prisons' inmate locator reveals that Mr. Zater is housed at the United States Penitentiary I in Coleman, Florida, further giving rise to the court's concerns

The Movants seek to intervene in this lawsuit as a matter of right pursuant to FED. R. CIV. P. 24(a)(2).[2] More specifically, the Movants seek a "reconsideration to allow intervention for the purpose of submitting newly discovered evidence." MTN. at p. 1. The Movants state that Defendant Douglas Bartek has violated their civil rights by sending threatening letters to them. *Id*. The Movants seek a restraining order because "they face imminent danger." *Id*. The Movants contend that they possess documents, exhibits and *Brady* material pertaining to this case. *Id*.

A motion to intervene as of right is proper when: (1) the motion is timely; (2) the intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which he seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect his interests; and (4) the existing parties do not adequately represent the potential intervenor's interests. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005), citing *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). "Although failure to satisfy any one element precludes the applicant's right to intervene, [the Fifth Circuit has] noted that 'the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application,' and concluded that 'intervention of right must be measured by a practical rather than technical yardstick.'" *Id*., quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (internal quotation marks and citations omitted from original).

---

about the legitimacy of the pleading. However, to fully dispose of this matter, the court will address the merits of the pleading.

[2]To the extent the Movants seek a reconsideration, such a request is denied. The Movants' motion sounds only in intervention; accordingly, the court will only discuss and analyze the issue of intervention.

**I.　TIMELINESS**

When evaluating whether a motion to intervene was filed timely, the court considers the following four factors:

1. The length of time during which the would-be intervenor actually or reasonably should have known of his interest in the case before he petitioned for leave to intervene;

2. The extent of prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;

3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and

4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id*. at 754, citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977). The Movants herein did not provide the court with an evaluation of these factors.

The instant case was filed on January 31, 2007. The court signed a final judgment in this case on June 27, 2008. The Movants did not move to intervene in this matter until August 15, 2008. If the Movants had any interest in this derivative action, the Movants should have reasonably known of that interest at sometime during the 17 months that the lawsuit was pending. "While it is true that motions for intervention filed after judgment is entered are frequently denied as untimely, [the Fifth Circuit has] found that there are no 'absolute measures of timeliness,' and [has] allowed post-judgment intervention of right in some cases." *Id*. (citations omitted). This is not one of those cases; the Movants' motion to intervene was not filed timely.

## II. REMAINING FACTORS

As stated previously, this case was a stockholder derivative action. The Movants seek to intervene to protect their civil rights. The Movants' alleged civil rights violations are wholly unrelated to this derivative action. Clearly, the Movants failed to assert an interest that is related to the stockholder derivative action. Since the Movants have not met the first two prongs of the test for intervening as of right, it is not necessary for the court to address the remaining two factors.

Based on the foregoing, the court concludes that the Movants' "Motion for Reconsideration and Motion to Intervene as Plaintiffs under FED. R. CIV. P. 24(a)(2)" (docket entry #120) lacks merit and is hereby **DENIED**. Jonathan Lee Riches must obtain leave of court prior to filing any additional pleadings in this action.

IT IS SO ORDERED.

**SIGNED this the 22nd day of December, 2008.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE